UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MARY BETH A.,[1]

       Plaintiff,

  v.                                          19-CV-0218-LJV
                                                      DECISION & ORDER
COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.
_____

      The plaintiff, Mary Beth A. ("Mary Beth"), is a prevailing party in this social security benefits action. Her counsel has moved for $6,497.02 in attorney's fees under the Equal Access to Justice Act ("EAJA"). Docket Item 17. The defendant has not responded, and the time to do so has now expired. *See* Local Rule 5.5(f).

      The EAJA provides in relevant part:

> Except as otherwise specifically provided by statute, a court *shall* award to a prevailing party other than the United States fees and other expenses, . . . incurred by that party in any civil action . . . brought by or against the United States . . . *unless* the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A) (emphasis added). "The Government bears the burden of showing that its position was 'substantially justified,' and to meet that burden, it must make a 'strong showing' that its action was 'justified to a degree that could satisfy a

---

[1] To protect the privacy interests of social security litigants while maintaining public access to judicial records, this Court will identify any non-government party in cases filed under 42 U.S.C. § 405(g) only by first name and last initial. Standing Order, Identification of Non-government Parties in Social Security Opinions (W.D.N.Y. Nov. 18, 2020).

reasonable person.'" *Healey v. Leavitt*, 485 F.3d 63, 67 (2d Cir. 2007) (quoting *Pierce v. Underwood,* 487 U.S. 552, 565 (1988)).

The Commissioner here has not made any showing, let alone a strong one, that its position was substantially justified.  Indeed, this Court previously vacated the Commissioner's decision after finding that the ALJ made multiple errors to Mary Beth's prejudice.  *See generally* Docket Item 15.

There also are no special circumstances that would make the requested award unjust.  Just the opposite—the requested fee is quite reasonable.  In "districts within the Second Circuit, the average time approved by courts for routine social security disability cases ranges from twenty to forty hours."  *Parsons v. Comm'r of Soc. Sec.*, 2008 WL 5191725, at *1 (N.D.N.Y. Dec. 10, 2008).  Counsel here expended 31.6 hours, including time spent on this motion, which is well within the average range.  And the requested fees will compensate counsel at the reasonable rate of approximately $205.60 an hour.

## **CONCLUSION**

For the foregoing reasons, Mary Beth's motion for EAJA fees, Docket Item 17, is GRANTED, and Mary Beth's counsel is awarded $6,497.02 in EAJA fees.

SO ORDERED.

Dated:   December 8, 2020
         Buffalo, New York

*L. J. Vilardo*
_____
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE